IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GARRISON MARQUEZ NORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-056 |
| | ) | (Formerly CR 113-187) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Garrison Marquez Norman filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

**I.  BACKGROUND**

In an indictment returned July 10, 2013, a grand jury in the Southern District of Georgia charged Petitioner with: three counts of knowingly and intentionally distributing a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of knowingly and intentionally possessing with intent to distribute, cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D); three counts of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C.

§ 924(c); and three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). United States v. Norman, CR 113-187, doc. no. 1 (S.D. Ga. July 10, 2013) (hereinafter "CR 113-187"). The Court appointed attorney Wendell E. Johnston, Jr., to represent him, and on December 20, 2013, Petitioner pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). Id., doc. nos. 35, 47, 48.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 17, Criminal History Category at III, and Guidelines imprisonment range at 60 to 120 months. PSI ¶¶ 24, 37, 56. Because Petitioner was previously convicted of criminal attempt to commit armed robbery, categorized as a crime of violence under § 2K2.1 of the advisory sentencing Guidelines, his base offense level was twenty. PSI ¶¶ 21, 33. That base level was decreased three points to seventeen based on Petitioner's acceptance of responsibility and intention to enter a guilty plea. PSI ¶¶ 28, 29. The statutory maximum term of imprisonment for Petitioner's offense is ten years. 18 U.S.C. §§ 922(g)(1) and 924(a)(2); PSI ¶ 56.

No objections were filed to the PSI, and at sentencing on June 11, 2014, United States District Judge J. Randal Hall imposed a sentence of seventy-seven months of imprisonment. Petitioner elected not to file an appeal. Petitioner filed a motion to reduce his sentence on May 29, 2015, and the Court denied this motion on April 20, 2016. CR 113-187, doc. nos. 50, 52.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that Johnson is retroactive on collateral review, and renders his sentence increase under USSG 2K2.1 illegal. (Doc. no. 1, p. 4.)

## II. DISCUSSION

Petitioner was previously convicted of criminal attempt to commit armed robbery, categorized as a crime of violence by the advisory sentencing guidelines, at the time of his federal conviction. Therefore his base offense level was automatically set under the terms of § 2K2.1 of the Guidelines. U.S.S.G. § 2K2.1(a)(4)(A) provides for a base offense level of twenty "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." According to the Application Notes to this section of the Guidelines, "crime of violence" is defined as provided in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. That definition provides a "crime of violence" is a federal or state offense punishable by a term of imprisonment exceeding one year that: "(1) has an element the use, attempted use or

3

threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2

Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,]'" Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of § 2K2.1. See id.; see also United States v. Kirk, No. 13-15103, 2016 WL 335937, at *2 (11th Cir. Jan. 28, 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); United States v. Snipes, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing Johnson-based claim for resentencing without § 2K2.1 enhancement under reasoning of Matchett).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of May, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA